UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01796-JVS(KESx) | Date | December 6, 2023 |
| Title | Morgan Kornfeind v. Kia America, Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     **[IN CHAMBERS] Order Regarding Motion to Remand [9]**

Plaintiff Morgan Kornfeind ("Kornfeind") moves to remand this action to the Superior Court of the State of California. (Motion ("Mot."), Dkt. No. 9.) Defendant Kia America, Inc. ("Kia") opposed the motion (Opposition ("Opp'n"), Dkt. No. 10), and Kornfeind responded (Reply, Dkt. No. 11).

The Court vacated oral argument, and neither party filed a request for hearing. Fed. R. Civ. P. 78; L.R. 7-15.

For the following reasons, the Court **DENIES** Kornfeind's motion to remand.

**I. BACKGROUND**

Kornfeind filed this action in the Superior Court of the State of California in Orange County on September 1, 2023. (Dkt. No. 1-1, Ex. 1.) Kia removed the case to federal court on October 20, 2023, under 28 U.S.C. § 1332(a), diversity jurisdiction. (Dkt. No. 1.) Kia asserted that there is complete diversity of citizenship between Kornfeind and itself and the amount in controversy exceeds $75,000. (Id.) Kia further argued that 28 U.S.C. § 1441(b)(2) — commonly referred to as the "forum defendant rule" — is inapplicable because of the notice of removal occurred before it was "properly joined and served" as required by the statute. (Id.)

In response, Kornfeind filed this motion to remand the case back to Superior Court because removal based on diversity grounds was improper under 28 U.S.C. § 1441(b)(2). (Mot. at 6.) Kia disagrees and argues that no federal statute bars removal jurisdiction in a diversity suit where a forum-state defendant has not been properly served. (Opp'n at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01796-JVS(KESx)                                     Date  December 6, 2023

Title   Morgan Kornfeind v. Kia America, Inc. et al

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l. Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This strong "presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" Id. (quoting Gaus, 980 F.2d at 566).

An exception to removal known as the forum-defendant rule also provides that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted).

## III. Discussion

Kia properly removed the case to federal court. As stated above, an exception to removal known as the forum-defendant rule provides that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The plain language of the statute makes clear that only if a forum defendant has been "properly joined and served" may an action not be removed. Dechow v. Gilead Scis., Inc., 358 F. Supp. 3d 1051, 1054 (C.D. Cal. 2019). Thus, the text of § 1441(b)(2) is unambiguous. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01796-JVS(KESx)　　　　　　Date  December 6, 2023

Title　　Morgan Kornfeind v. Kia America, Inc. et al

　　Based on the statute's plain text, "it follows that Congress did not intend to prohibit removal by in-state defendants who have not been properly joined and served." Id. "While the Ninth Circuit has yet to determine whether this approach is proper with respect to Section 1441(b)(2)," "[a]dopting any other interpretation of the statute would violate the Court's mandate to enforce a statute according to its text." Id. Thus, "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." Lamie v. United States Tr., 540 U.S. 526, 534 (2004).

　　Here, Kornfeind argues that, given Kia's admission that it is incorporated in and has its principal place of business in California, the forum defendant rule should apply. (Mot. at 6.) Therefore, removal based on diversity is inappropriate. (Id.) She further asserts that allowing "snap removal," which is when a forum-defendant removes a case before being properly joined and served, would defeat the purpose of the forum-defendant rule. (Id. at 7.) Moreover, the Ninth Circuit has yet to address whether allowing snap removal is appropriate. (Id.) Kornfeind also cites two out-of-district cases to argue that a literal interpretation of § 1441(b)(2) "makes little sense." (Mot. at 7.) The language of the statute, according to Kornfeind, is intended to bar forum-shopping by plaintiffs; to allow defendants an avenue to conduct similar gamesmanship is nonsensical. (Id.)

　　In response, Kia argues that the exception to the forum defendant rule applies because Kia removed the case before it was "properly joined and served." (Opp'n at 6.) Kia does not dispute that there is a split among courts on how to handle "snap removals," but argues that it is not the Court's job to read beyond the plain language of the statute. (Opp'n at 6.) Moreover, Kia asserts that courts within this District have followed the plain language of § 1441(b)(2). (Id. at 3–4.) Thus, this Court should also apply the language and leave any appropriate fix to Congress. (Id.)

　　Kornfeind is correct when she asserts that the Ninth Circuit has yet to address whether "snap removal" is proper and that some other courts have looked to the "purpose," rather than the plain language of § 1441(b)(2) in their analysis. (Mot. at 7.) Nevertheless, the Court cannot ignore the plain, unambiguous text of the statute to admonish Kia's tactics in removing this case. As other courts in this District have found, if Congress disapproves of the practice that Kia has engaged in, Congress can amend § 1441(b)(2) to prohibit removal in cases such as this one. See, e.g., Dechow, 358 F. Supp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01796-JVS(KESx)                    Date  December 6, 2023

Title  Morgan Kornfeind v. Kia America, Inc. et al

3d at 1054 ("Adopting any other interpretation of the statute would violate the Court's mandate to enforce a statute according to its text."); Choi v. Gen. Motors LLC, No. CV 21-5925, 2021 WL 4133735, at *2 (C.D. Cal. Sep. 9, 2021) ("It is no answer to say that courts should require that a plaintiff at least have a reasonable opportunity to effect service of process upon a local defendant before allowing a defendant to 'beat the clock' by removing before such service occurs. There is nothing in the statute that speaks to that principle, and courts would be left judging what a reasonable-opportunity-to-serve is with no statutory groundrules."). Until then, the Court cannot read language in § 1441(b)(2) that does not exist.

Acknowledging the district court split and no binding Ninth Circuit precedent on pre-service removal by an in-state defendant, the Court declines to depart from the plain language of § 1441(b)(2) and finds that Kia removed the case before it was "properly joined and served."

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Kornfeind's motion to remand.