JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-01796-JVS-KES | Date | March 7, 2024 |
|---|---|---|---|
| Title | Morgan Kornfeind v. Kia America, Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings: **[IN CHAMBERS] Order Regarding Motion to Dismiss [16] and Motion to Transfer [17]**

Before the Court are two motions. Defendant Kia America, Inc. ("Kia") moves to transfer this case to the District of Oregon. (Mot., Dkt. No. 17.) Plaintiff Morgan Kornfeind ("Kornfeind") opposed. (Opp'n, Dkt. No. 21.) Kia replied. (Reply, Dkt. No. 22.) Kia also moves to dismiss Kornfeind's Complaint. (Mot. to Dismiss, Dkt. No. 16.) Kornfeind opposed. (Opp'n to Dismiss, Dkt. No. 20.) Kia replied. (Reply to Dismiss, Dkt. No. 23.)

For the following reasons, the Court **GRANTS** Kia's motion to transfer and **DENIES as moot** Kia's motion to dismiss.

**I. BACKGROUND**

Kornfeind alleges the following in her Complaint. (Compl. Dkt. No. 1, Ex. 1.) Between 2011–2021, Kia sold vehicles, such as the 2013 Kia Sorento, which used traditional key ignition systems rather than industry standard engine immobilizer key ignition systems. (Id. ¶ 8.) Kia's "ignitions system allows thieves to exploit a critical defect and hotwire and steal the vehicle quickly and easily." (Id.) "By simply peeling back the steering column and inserting a standard USB cable, the security systems can be bypassed, and the car easily started." (Id.) Despite this "faulty design and critical defect," Kia repeatedly advertised its vehicles "had advanced safety features and an impressive slate of technology features." (Id. ¶ 9.)

Kornfeind "is, and at all relevant times was, an individual residing in Multnomah County in the State of Oregon." (Id. ¶ 1.) On March 28, 2023, Kornfeind was traveling

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-01796-JVS-KES | Date | **March 7, 2024** |

| Title | Morgan Kornfeind v. Kia America, Inc. et al |

on interstate 405, near Portland, Oregon, when a stolen 2013 Kia Sorento, driving against traffic, collided head on with her vehicle. (See id. ¶ 10.) As a result of the vehicle collision, Kornfeind sustained several breaks and fractures, including but not limited to: broken right tibia, right fibula, broken right thumb, toes on her right foot, a contusion on her forehead, and other bodily injuries. (Id. ¶ 11.) She also suffered and continues to suffer from severe, traumatic, and permanent psychological and emotional injuries. (Id. ¶ 13.)

She alleges that her injuries could have been avoided if the stolen 2013 Kia Sorento included an engine immobilizer. (Id. ¶ 12.) "An engine immobilizer is a critical piece of electronic security technology that serves as a crucial tool in minimizing the risk of vehicle theft." (Id.) They "prevent vehicles from being started unless a unique code is transmitted from the vehicle's key." (Id.) Thus, she alleges Kia "knew, or should have known," that the lack of immobilizer or "basic anti-theft deterrent system" in the 2013 Kia Sorento "caused the vehicle to be easily stolen," which "resulted in serious injuries and damage to other persons and vehicles." (Id. ¶ 21.) Kornfeind brings seven claims against Kia: (1) Strict Liability - Manufacturing Defect, (2) Strict Liability - Design Defect, (3) Negligence, (4) Negligence - Failure to Recall, (5) Negligence - Failure to Warn, (6) Breach of Implied Warranty of Mechantability, and (7) Public Nuisance. (Id. ¶¶ 23–77.)

## II. Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Under section 1404(a), two findings are required for proper transfer: (1) the transferee district court is one where the action might have been brought, and (2) the convenience of the parties and witnesses and the interest of justice favor transfer." Synoptek, LLC v. Synaptek Corp., 326 F. Supp. 3d 976, 986 (C.D. Cal. 2017) (citing Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985)). "Section 1404(a) provides for transfer to a more convenient forum, not a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645–46 (1964).

The district court has discretion to transfer based on an "individualized,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01796-JVS-KES | Date | **March 7, 2024** |
| Title | Morgan Kornfeind v. Kia America, Inc. et al | | |

case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (internal quotation marks omitted) (citing Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). In exercising its discretion, the court may consider various factors, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones, 211 F.3d at 498–99.

### III. DISCUSSION

Kia argues that transfer is proper because this action might have been brought in the District of Oregon. (Mot. at 3.) Kia "does not dispute that the District of Oregon could exercise personal jurisdiction over Kia in this matter." (Id.) Nor does it dispute that the District of Oregon would have subject matter jurisdiction over the case due to the diversity of the parties. (Id. (citing Order, Dkt. No. 15 at 2 ("Kia properly removed this case to federal court.")).) Lastly, Kia asserts that "venue in the District of Oregon is appropriate because 'a substantial part of the events . . . giving rise to [Kornfeind's] claim[s] occurred' in Portland, Oregon, where a thief driving a stolen Kia collided with [Kornfeind's] vehicle." (Id. (citing 28 U.S.C. § 1391(b)).) The Court agrees with Kia that this action could have been brought in the District of Oregon.

Having determined that the action could have been brought in Oregon, the Court turns to whether transfer would allow the case to proceed more conveniently and better serve the interests of justice based on the Jones factors.

    A.   *The Location Where the Relevant Agreements Were Negotiated and Executed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:23-cv-01796-JVS-KES     Date   March 7, 2024

Title   Morgan Kornfeind v. Kia America, Inc. et al

The first factor—location where the relevant agreements were negotiated and executed—is inapplicable to this case because there are no agreements at issue.

  B. *The State Most Familiar with the Governing Law*

In this case, the parties vigorously disagree as to which state's law applies. (Mot. 9; Opp'n 7–9.) This Court need not decide the issue because there is a "strong possibility" that Oregon law will apply, even if the case continues in California, as Kornfeind is an Oregon resident, and the core of the relevant conduct—the accident and her injuries—took place there. See Rubio v. Monsanto Co., 181 F. Supp. 3d 746, 765 (C.D. Cal. 2016) (citing Dawson v. Medtronic, Inc., No. CV 12–07504, 2013 WL 3322040, at *2 (C.D. Cal. Mar. 8, 2013)). Therefore, "[t]his factor [] weighs weakly in favor of transfer." Id.

  C. *Plaintiff's Choice of Forum*

A plaintiff's choice of venue is generally accorded deference. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Despite that deference, "a plaintiff's choice of its home forum is given more weight than its choice of a foreign forum." Rubio, 181 F. Supp. 3d at 762 (quoting GTE Wireless, Inc. V. Qualcomm, Inc., 71 F. Supp. 2d 517, 519 (E.D. Va. 1999)); see also RLI Ins. Co. v. Ceradyne, Inc., No. 20-1997, 2020 WL 12948060, at *7 (C.D. Cal. Dec. 28, 2020) (alteration in original) (citation omitted) (internal quotation marks omitted) ("When a plaintiff does not reside in the [selected] forum, the Court may afford plaintiff's choice considerably less weight."); Speed RMG Partners, LLC v. Arctic Cat Sales Inc., No. 19-2362, 2020 WL 13093866, at *6 (C.D. Cal. Feb. 25, 2020) (same).

Here, the collision that caused Kornfeind's injuries occurred in Oregon. (See Compl. ¶ 10.) Moreover, Kornfeind "is, and at all relevant times was, an individual residing in Multnomah County in the State of Oregon." (Id. ¶ 1.) Thus, California's only connection to the claims at issue is the fact that Kia's headquarters are located in the state. Accordingly, Kornfeind's choice of forum is entitled only to minimal consideration and "this factor weighs slightly in favor of granting the motion to transfer." See Rubio, 181 F. Supp. 3d at 762.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01796-JVS-KES | Date | **March 7, 2024** |
| Title | Morgan Kornfeind v. Kia America, Inc. et al | | |

D.  *The Parties' Contacts with the Forum and Contacts Relating to the Plaintiff's Cause of Action in the Chosen Forum*

The fourth and fifth *Jones* factor—the respective parties' contacts with the forum and the contacts relating to the plaintiff's cause of action in the chosen forum—strongly favor transfer. As noted above, Kornfeind "is, and at all relevant times was, an individual residing in Multnomah County in the State of Oregon." (Compl. ¶ 1.) The Kia Sorento collided with Kornfeind's vehicle in Oregon. (See id. ¶ 10.) Thus, Kornfeind has not alleged any material facts that occurred in California. At best, she alleges that Kia "designed, engineered, developed, manufactured, . . . advertised, promoted, marketed, supplied, distributed, wholesaled, and sold" the 2013 Kia Sorento, (id. ¶ 20), but does not allege those actions took place in California. While Kia's corporate headquarters and principal place of business are in California, (id. ¶ 2), such contacts are "not relevant" to Kornfeind's claims. See 1411 Div. St. LLC v. First Am. Title Ins. Co., No. 21-1445, 2022 WL 1840346, at *3 (C.D. Cal. Jan. 3, 2022).

E.  *Differences in Litigation Costs*

The sixth factor—the differences in the costs of litigation in the two forums— also favors transfer. "Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions." Nocher Enters., Inc. v. Aventus Outreach, LLC, CV 18-3897, 2019 WL 13023624, at *5 (C.D. Cal. July 10, 2019) (quoting Italian Colors Rest. v. Am. Express Co., No. 3-3719, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003)). Kia argues the "presence of likely non-party witnesses and key physical evidence" in Oregon make it the most "economical venue" for this case. (Mot. 6.) It also intends to implead the thief and individual that collided with Kornfeind, which would likely be impossible if the case remains before this Court. (Id. at 6–7.) It would be forced to incur additional costs and drain more judicial resources bringing a separate action against those individuals. (Id. at 7.) In response, Kornfeind argues that transferring the case will require her to expend additional money on attorney's fees and costs. (Opp'n at 12.) Kornfeind does not dispute the likely presence of non-party witnesses in Oregon, but contends that not all non-party witnesses reside there. (Id.) Although not definitive at this stage of the litigation, the location of the collision and the numerous individuals whose involvement in this matter are connected to it—witnesses, medical personnel, investigators—make it likely that the District or Oregon would a less

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01796-JVS-KES | Date | March 7, 2024 |
| Title | Morgan Kornfeind v. Kia America, Inc. et al | | |

costly forum for both parties. See 1411 Div. St. LLC, 2022 WL 1840346, at *3. Moreover, "[t]he location of a party's attorney is irrelevant in assessing . . . transfer under § 1404(a)." CA, Inc. v. Alight Solutions, LLC, No. 8:21-cv-01841, 2022 WL 20272865, at *4 (C.D. Cal. Oct. 11, 2022) (citation omitted).

  F. *Availability of Compulsory Process to Compel Attendance of Unwilling Non–Party Witnesses*

  The convenience of witnesses is often the most important factor in determining whether a § 1404 transfer is appropriate. Rubio, 181 F. Supp. 3d at 762. "The Court accords more weight to the inconvenience of non-party witnesses, as party witnesses can be compelled to testify regardless of the forum in which the case is litigated." Id. at 763. Kia argues that most of the non-party witnesses likely reside in Oregon, making transfer the logical choice for their convenience. (Mot. at 5.) It also contends that the Court's subpoena power would not extend to most of these witnesses because Portland, Oregon is outside the 100 mile range delineated in Federal Rule of Civil Procedure 45(c). (Id.) Kornfeind counters that Kia cannot definitively state that all non-party witnesses reside in Oregon. (Opp'n at 12.) Moreover, she may subpoena former Kia employees to testify about the design process and transferring the case to Oregon would likely prevent her from doing so. (Id. at 13.) However, the speculative nature of this argument combined with the likelihood that there will not be much dispute about the design issues Kornfeind raises, see In re: Kia Hyundai Vehicle Theft Litig., No. 8:22-ml-03052, 2023 WL 8126851, at *1 (C.D. Cal. Aug. 16, 2023), makes these potential California witnesses less important than the key factual witnesses in Oregon, see Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1160–61 (S.D. Cal. 2005) (noting that the convenience of witnesses employed by the defendants was a less weighty consideration in the transfer analysis, even where these witnesses were proffered by the plaintiffs).

  Because the key factual witnesses are likely "outside the geographic reach of this district's subpoena power," Kia may not have access to these witnesses at trial. Painter's Dist. Council No. 30 Health & Welfare Fund v. Amgen, Inc., No. CV 07-3880, 2007 WL 4144892, at *6 (C.D. Cal. Nov. 13, 2007). If the case is transferred, the District of Oregon will have subpoena power over the witnesses who reside within that district. Fed. R. Civ. P. 45(c)(1). Thus, the Court finds that the convenience of the witnesses will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01796-JVS-KES                           Date  **March 7, 2024**

Title     Morgan Kornfeind v. Kia America, Inc. et al

be optimized by transferring the case to the District of Oregon. Accordingly, this factor weighs heavily in favor of transfer.

### G. Ease of Access to Sources of Proof

The eighth Jones factor—the ease of access to sources of proof—favors transfer. "If a motion to transfer venue is based on the location of evidence, the [Kornfeind] must show with particularity the location, difficulty of transportation, and the importance of such [evidence]." Rubio, 181 F. Supp. 3d at 764 (citation omitted).

Kia contends that the physical evidence in this case, like the Kia Sorento that collided with Kornfeind and items collected at the scene, is in Oregon. (Mot. at 6). Thus, litigating the case in the District of Oregon would "enable easy access to this key evidence." (Id.) Kornfeind responds that the sources of proof she needs to establish her claims are in California, at Kia headquarters. (Opp'n at 14.)

While Kornfeind identifies some evidence that is more accessible in the Central District of California, Oregon would provide more ease of access to most sources of proof, including witnesses, investigative reports, and the vehicles involved in the collision. The evidence Kornfeind seeks in California appears to predominantly be documentary (i.e., designs, marketing plans), meaning it will create only a negligible burden to transport it to Oregon given the "technological advances in document storage and retrieval." David v. Alphin, No. C 06-04763, 2007 WL 39400, at *3 (N.D. Cal. Jan. 4, 2007). Therefore, this factor weighs in favor of transfer.

### H. The Balance of Factors

On balance, because Oregon is the location of the collision, most of the nonparty witnesses, investigative reports, and the vehicles, and because Kornfeind is foreign to this forum, convenience and the interests of justice outweigh her choice of forum in this action.

## IV. CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01796-JVS-KES  Date  March 7, 2024

Title  Morgan Kornfeind v. Kia America, Inc. et al

  For the foregoing reasons, the Court **GRANTS** Kia's motion to transfer and **DENIES as moot** Kia's motion to dismiss.  See Rubio, 181 F. Supp. 3d at 767.  The Court finds that oral argument would not be helpful in this matter and **VACATES** the March 11, 2024, hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

  **IT IS SO ORDERED.**